UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PAULA J. KARAS :
:
v. : C.A. No. 11-227M
:
BUTLER HOSPITAL :
RISK MANAGEMENT DEPARTMENT :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On June 3, 2011, Plaintiff Paula J. Karas filed a pro se Complaint against Butler Hospital Risk Management Department ("Butler") alleging that Butler violated her constitutional rights under the Fourteenth Amendment to the U.S. Constitution. (Document No. 1). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") without Prepayment of Fees including the $350.00 case filing fee pursuant to 28 U.S.C. § 1915. (Document No. 3). Plaintiff's Motion was referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). After reviewing Plaintiff's Motion and Affidavit of Indigence signed under penalty of perjury, I accept that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Motion to Proceed IFP (Document No. 3) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed

below, I recommend that Plaintiff's Complaint be dismissed because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

Plaintiff's Complaint alleges a federal constitutional violation and thus seeks relief under 42 U.S.C. § 1983. Section 1983 authorizes a private party to seek redress for a constitutional violation against a defendant who acts under color of state law. In her "Affidavit of Facts," Plaintiff "attests that there was a medical psychiatric misdiagnosis to the plaintiff regarding her stalkers from the Butler Hospital." (Document No. 1 at p. 2). She contends that the misdiagnosis was "deemed to be a malpractice error as the plaintiff stalkers were finally substantiated and injunctive relief was brought to the plaintiff by the United States Senate of Florida in the year of 2010." Id. She faults Butler for deeming her stalker to be a "psychosis of mine." (Document No. 1-1 at p. 2).

Plaintiff indicates that she submitted a "monetary malpractice claim" to Butler on February 11, 2011 but concedes that the claim was "tardy due to the late injunctive relief brought to the plaintiff in the year 2010 from the United States Senate" and "past the three year statue [sic] to file a said monetary malpractice claim."[1] (Document No. 1 at p. 2). Plaintiff concludes that Butler violated her rights under the Fourteenth Amendment to the United States Constitution by denying her malpractice claim despite her explanation that the claim was tardy due to the Government's late action on her "stalking and terrorism case." Id. at p. 3.

---

[1] I presume that Plaintiff is referring to R.I. Gen. Laws § 9-1-14.1 which generally requires a medical malpractice suit to be commenced within three (3) years. However, since Plaintiff's Complaint is sparse on facts, I make no conclusions as to whether Plaintiff's underlying malpractice claim is untimely or if there are any circumstances present which might have tolled the expiration of the three-year filing period.

In addition to this case, Plaintiff has previously filed numerous pro se actions[2] in this District and in the federal courts in Massachusetts, Florida and New York that have been dismissed for failing to state a claim or to comply with Court orders. See, e.g., Karas v. State of Rhode Island, 1:11-cv-00164-M (D.R.I.) (alleging failure to investigate criminal stalking on flight from Rhode Island to Florida); Karas v. Dunkin' Donuts, 4:2010-cv-40236-FDS (D. Mass.) (alleging denial of right to drink "pure and unadulterated" coffee); Karas v. Broward Co. Sheriff Dep't, 0:2010-cv-60417 (S.D. Fla.) (alleging violation of rights as a victim of domestic violence, stalking and terrorism); and Karas v. LaGuardia Airport, 1:11-cv-00230-LAP (S.D.N.Y.) (alleging she was criminally stalked on a flight from Boston to New York). In fact, due to Plaintiff's history of filing baseless claims, the Southern District of New York has recently taken the extraordinary step of barring Plaintiff from filing future actions in that District without first obtaining leave to file from the Court. See Document No. 8 in Karas v. LaGuardia Airport, 1:11-cv-00230-LAP (S.D.N.Y. March 18, 2011).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569

---

[2] In Karas v. Hood, Inc., 4:2011-cv-40016, 2011 WL 1739909 at *1 (D. Mass. May 5, 2011), the District Court in Massachusetts, where this pro se Plaintiff resides, described her as a "frequent litigant."

(1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The purpose of § 1915(e) is to prevent the wasting of judicial and private resources on baseless lawsuits which a "paying litigant" would likely not initiate, and it gives the Court the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. A "clearly baseless" claim includes those that are "fanciful," "fantastic" or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

**Discussion**

I am recommending that Plaintiff's Complaint filed on June 3, 2011 be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required. An objective reading of her allegations as a whole reasonably leads to the conclusion that they are "clearly baseless" and "frivolous" as those terms have been defined by the Supreme Court in the Neitzke and Denton cases discussed above.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). An individual acts under color of state law within the meaning of § 1983 when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Here, Plaintiff alleges that Butler's denial of her malpractice claim constitutes a violation of her Fourteenth Amendment due process rights. However, only state or governmental action "must conform to the prescriptions of the Fourteenth Amendment," and private conduct "generally enjoys immunity from Fourteenth Amendment strictures." Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999). Plaintiff has not alleged that Butler is a state actor or any facts plausibly suggesting state action by Butler or any nexus to state action. Plaintiff sues the Risk Management Department of Butler Hospital. Butler Hospital is a private, non-profit psychiatric hospital and Plaintiff has not alleged or pled any facts suggesting that Butler's denial of her malpractice claim was either directly or indirectly a state action within the meaning of the Fourteenth Amendment or 42 U.S.C. § 1983. Thus, her Complaint fails to state any viable due process claims cognizable under 42 U.S.C. § 1983.

**Conclusion**

For the reasons stated, I recommend that Plaintiff's Complaint be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In addition, following the lead of Chief Judge Preska in the Southern District of New York, I recommend that this Court also issue an appropriate Order limiting this pro se Plaintiff's ability to file future actions. See Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("a district court has the power to enjoin

a party from filing frivolous and vexatious lawsuits"). Although Plaintiff, of course, has the right to seek redress in the federal courts, she does not have the right to abuse the process and waste the Court's limited resources on a pattern of baseless lawsuits. Thus, I recommend that the District Court enter the following Order to assist in screening any future filings from this prolific pro se Plaintiff:

> Plaintiff Paula J. Karas is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently pending cases to object to a Report and Recommendation of a Magistrate Judge or to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Paula J. Karas wishes to file any additional complaints or other papers in this Court, she shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good faith basis for filing them in Federal Court. The Clerk of Court shall accept the documents, mark them received, and forward them to a District Judge of this Court for action on the petition for leave to file.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 13, 2011